# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-10620
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ORACIO CARDOSA-FERREIRA,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-361

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Oracio Cardosa-Ferreira (Cardosa) pleaded guilty to one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326. The advisory guidelines range of imprisonment was thirty-seven to forty-six months, and the district court sentenced him to forty-six months of imprisonment.

Cardosa challenges his sentence as procedurally unreasonable. He argues that the district court relied on an erroneous fact in imposing the sentence, namely that Cardosa violated a Texas criminal sex-offender statute by failing to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

register despite previous convictions of indecency with a child. He argues that, because he was not aware of a duty to register, he would not have been convicted under this statute and thus the district court should not have relied on his failure to register as a basis for imposing a sentence at the upper end of the advisory guidelines range.

Although Cardosa objected generally to the reasonableness of the sentence in the district court, he did not specifically object on the grounds that he now raises on appeal. Thus, we review Cardosa's argument for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (concluding that when a defendant fails to raise a procedural objection below, appellate review is for plain error only); *United States v. Green*, 324 F.3d 375, 381 (5th Cir. 2003) (observing that where an argument on appeal differs from the argument raised below, this court's review is for plain error).

To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Cardosa has not shown that any error violated his substantial rights. In addition to Cardosa's failure to register as a sex offender, the district court considered the factors under 18 U.S.C. § 3553(a), the nature and circumstances of the offense, and Cardosa's failure to present a compelling reason for returning to the United States. The district court also found Cardosa's assertion that he was unaware that he was not supposed to return to the United States "not credible." The court further explained that "a sentence of 46 months would properly represent the seriousness of the offense here, promote respect for the law, punish [Cardosa] justly, and hopefully deter [Cardosa] from coming back to the United States in the future, and protect the public from further crimes in

which [Cardosa] might engage." Accordingly, Cardosa has not shown that the court's consideration of his failure to register as a sex offender "affected the outcome of the district court proceedings" and thus violated his substantial rights. *See Baker*, 538 F.3d at 333.

AFFIRMED.